UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK RYDELL CARNEY, <br> Plaintiff, <br> v. <br> L. CUEVAS, et al., <br> Defendants. | Case No. 18-cv-03644-WHO (PR) <br><br> **ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff Frederick Rydell Carney alleges that his jailors retaliated against him in violation of the First Amendment and violated his right to equal protection. His 42 U.S.C. § 1983 civil rights complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

Carney's allegations fail to state any claim for relief. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **November 26, 2018**.

## DISCUSSION

**i.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**ii. Legal Claims**

    **a. Equal Protection**

Carney alleges that on February 14, 2014 at Salinas Valley State Prison, he was not released from his cell when it was time to go to work. He does not allege who was responsible for this. He also alleges that "hours later" he noticed that prison guards L. Cuevas, G. Marquez, and C. Hernandez were letting only Hispanic inmates out of their cells to work. He alleges that he, as an African-American, is being discriminated against by being denied equal protection of the laws.

These allegations are insufficient to state a claim for relief. Plaintiff provides no defendant for the February incident, nor does provide a specific link between the defendants and the alleged incident.

2

### b. Retaliation

Carney alleges that Cuevas and Ramsey retaliated against him by filing false Rules Violation Reports (RVRs) against him for complaining about not being allowed out of his cell to work. These allegations are insufficient to state a claim for relief. Plaintiff must provide specific information, such as when <u>each</u> report was filed, the specific grounds for each report, who signed the report, the results of the hearing, etc. These claims are DISMISSED with leave to amend.

Carney is reminded that pleading retaliation requires stating specific facts showing that (1) a state actor took some adverse action against him (2) because of (3) his protected conduct, and that such action (4) chilled his exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff has the burden of showing that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's actions. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Hines v. Gomez,* 108 F.3d 265, 267-68 (9th Cir. 1997). Retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this").

Carney alleges that supervisors G. Constantyno, Scarlett, Stevenson, and Sullivan "escalated the racial retaliation" by failing to provide a safe environment for prisoners and guards. These allegations are insufficient to state a claim for relief. Plaintiff provides no details as to what these actions were, which person committed them and when, exactly how these actions "escalated" racial tensions, and how this alleged escalation resulted in the violation of any constitutional right. Also, Carney must show that how these allegations are related to his retaliation and equal protection claims. At this point, no link has been established. Federal pleading rules require dismissal of unrelated claims. These claims are DISMISSED with leave to amend.

Carney also alleges that Cuevas filed more false RVRs against him in 2016. These claims are unrelated to the 2014 incidents described above and are DISMISSED without prejudice to plaintiff raising them in a separate civil rights action.

**CONCLUSION**

The complaint is DISMISSED with leave to file an amended complaint on or before **November 26, 2018**. The amended complaint must include the caption and civil case number used in this order (18-03644 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

**IT IS SO ORDERED.**

**Dated:** October 25, 2018



WILLIAM H. ORRICK
United States District Judge