UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK RYDELL CARNEY, Plaintiff, v. L. CUEVAS, et al., Defendants. | Case No. 18-cv-03644-WHO (PR)<br><br>**ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL;**<br><br>**ORDER EXTENDING OPPOSITION DEADLINE** |

Plaintiff Carney sent the court a letter. (Dkt. No. 18.) In it, he apologizes for not being able to attend a hearing on defendants' motion for summary judgment and asks for counsel to be appointed.

Preliminarily, there will be no hearing. While defendants mention a hearing date in their motion, the Order of Service makes clear that I will not hold a hearing unless I find that one is necessary.

Carney's request for counsel is DENIED. The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.

*See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

In the Ninth Circuit, roughly one-third of new civil litigants in district court are not represented by counsel. United States Courts for the Ninth Circuit, 2017 Annual Report 40 (2018), available at https://www.ca9.uscourts.gov/judicial_council/ publications/ AnnualReport2017.pdf. Most, but by no means all, of these litigants are incarcerated. There is no doubt that not having a lawyer puts a party at a disadvantage in our adversarial system of justice, and the high percentage of civil litigants who cannot afford one threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands. That said, I am compelled to follow controlling precedent and determine if "exceptional circumstances" exist to appoint counsel in the cases before me.

Carney has not shown that exceptional circumstances exist. His filings are clear, and the suit does not present complex legal issues.

I will extend the opposition filing deadline for Carney to **January 13, 2020**. If he does not file an opposition by that date, I will deem that (1) he has waived his right to file an opposition and that the motion is ready for a ruling. Defendants' reply shall be filed within 15 days of filing of the opposition.

**IT IS SO ORDERED.**

**Dated:** November 27, 2019



WILLIAM H. ORRICK
United States District Judge